# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

OSEN LLC,                              )
                                       )
                    Plaintiff,         )
          v.                           )        No. 18 Civ. 6070 (JSR)
                                       )
DEPARTMENT OF STATE,                   )
                                       )
                    Defendant.         )
_____)


## DECLARATION OF ERIC F. STEIN

Pursuant to 28 U.S.C. § 1746, I, Eric F. Stein, declare and state as follows:

1.        I am the Director of the Office of Information Programs and Services ("IPS") of the United States Department of State (the "Department" or "State") and have served in this capacity since January 22, 2017.  Previously, I served as the Acting Director since October 16, 2016, and as the Acting Co-Director since March 21, 2016.

2.        The core responsibilities of IPS include:  (1) responding to records access requests made by the public (including under the Freedom of Information Act, the Privacy Act, and the mandatory declassification review requirements of Executive Order No. 13526 of December 29, 2009, governing classified national security information), by members of Congress, by other government agencies, and those made pursuant to judicial process, such as subpoenas, court orders and discovery requests; (2) records management; (3) privacy protection; (4) national security classification management and declassification review; (5) corporate records archives management; (6) research; (7) operation and management of the Department's library; and (8) technology applications that support these activities.

3.      In my current capacity, I am the Department official immediately responsible for responding to requests for records under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552, the Privacy Act of 1974, 5 U.S.C. § 552a, and other records access provisions.

4.      Prior to serving in this capacity, I worked directly for the Department's Deputy Assistant Secretary ("DAS") for Global Information Services ("GIS") and served as a senior advisor and deputy to the DAS on all issues related to GIS offices and programs, which include IPS.  As the Director of IPS, I have original classification authority and am authorized to classify and declassify national security information.

5.      I make the following statements based upon my personal knowledge, which in turn is based upon information furnished to me in the course of my official duties.  I am familiar with the efforts of Department personnel to process the subject requests, and I am in charge of coordinating the agency's search and recovery efforts with respect to those requests.

6.      Osen LLC ("Plaintiff") indicated through counsel that it seeks to challenge the Department's withholdings on twenty-nine (29) documents.  With respect to these documents, the Department is withholding information because the information is classified or exempt from disclosure by statute.

7.      This declaration explains the FOIA exemptions applied in processing the responsive records.  A *Vaughn* index (below) provides a detailed description of the information withheld and the justifications for those withholdings with respect to the twenty-nine (29) documents whose withholdings Plaintiffs have indicated they seek to challenge.

## I.  ADMINISTRATIVE PROCESSING OF PLAINTIFF'S REQUESTS

8.      On December 28, 2017, Michael Radine of Osen LLC ("Plaintiff") submitted a FOIA request to the Department seeking six documents.  The Department acknowledged receipt

of Plaintiff's request and assigned it Case Control Number F-2018-00164.  On June 6, 2018,

Plaintiff submitted another FOIA request to the Department seeking an additional 36 documents.

The Department acknowledged receipt of this request and assigned it Case Control Number F-

2018-04383.

9.      In response to these requests, the Department located and released 11 documents

in full and 29 in part.  The Department withheld certain information in the documents released in

part under FOIA Exemptions 1 and 3, as discussed below.

10.      I understand through counsel that Plaintiff is not challenging the sufficiency of the

Department's search.

## II. FOIA EXEMPTIONS CLAIMED

### FOIA Exemption 1– Classified Information

11.      FOIA Exemption 1, 5 U.S.C. § 552(b)(1), states that the FOIA does not apply to

matters that are:

> (A) specifically authorized under criteria established by an Executive order to be kept
> secret in the interest of national defense or foreign policy and (B) are in fact properly
> classified pursuant to such Executive order;

12.      The Department withheld certain information under FOIA Exemption 1, 5 U.S.C.

§ 552(b)(1), pursuant to E.O. 13526 sections 1.4(a), (b), (c), and (d).  Section 1.4(a) protects

military plans, weapons systems, or operations.  Section 1.4(b) protects foreign government

information.  Section 1.4(c) protects intelligence activities (including covert action), intelligence

sources or methods, or cryptology.  Section 1.4(d) protects foreign relations or foreign activities

of the United States, including confidential sources.  The withheld information includes

information classified at the SECRET and CONFIDENTIAL levels.  Section 1.2 of E.O. 13526

states:

3

"Secret" shall be applied to information, the unauthorized disclosure of which reasonably could be expected to cause serious damage to the national security that the original classification authority is able to identify or describe.

"Confidential" shall be applied to information, the unauthorized disclosure of which reasonably could be expected to cause damage to the national security that the original classification authority is able to identify or describe.

13.     In this case, all of the documents containing information withheld pursuant to

Exemption 1 were originally classified at the time they were created.  All of these documents

were reviewed line-by-line to determine whether any information could be released because its

disclosure would no longer reasonably be expected to damage national security.  Some of these

documents were automatically declassified pursuant to Section 1.5 of E.O. 13526 because their

original declassification date had passed.  Despite the automatic declassification, the Department

continued to protect the information in these documents with the same protections that classified

documents receive, and they have never been officially disclosed to the public.  After receiving

the FOIA requests in this case, the Department properly reclassified certain information

contained in these documents pursuant to Section 1.7(d) of E.O. 13526.  Section 1.7(d) of E.O.

13526 states that information that has not been previously disclosed to the public under proper

authority may be classified or reclassified after an agency has received a request for it under,

inter alia, the FOIA if such classification meets the requirements of E.O. 13526 and is

accomplished on a document-by-document basis with the personal participation or under the

direction of the agency head, the deputy agency head, or the senior agency official designated

under Section 5.4 of E.O. 13526.  The Department's senior agency official designated under

Section 5.4 of E.O. 13526 is the Under Secretary of State for Management.  The Under Secretary

for Management has delegated the authority for reclassifying information under Section 1.7(d) of

E.O. 13526 to the Deputy Assistant Secretary (DAS) for Global Information Services and the

Director of Information Programs and Services.  The DAS for Global Information Services or I

reviewed all information in this case reclassified under Section 1.7 of E.O. 13536 on a

document-by-document basis and determined that its continued classification meets the

requirements of E.O. 13526.

14.     The information withheld under Exemption 1, 5 U.S.C. § 552(b)(1), continues to

meet the classification criteria of E.O. 13526 and the Department has not previously authorized

or officially acknowledged public release of this information.

### FOIA Exemption 3 – Exempt by Statute

15.     FOIA Exemption 3, 5 U.S.C. § 552(b)(3), states that the FOIA does not apply to

matters that are:

> specifically exempted from disclosure by statute (other than Section 552(b) of this title),
> provided that such statute- (A)(i) requires that the matters be withheld from the public in
> such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria
> for withholding or refers to particular types of matters to be withheld; and (B) if enacted
> after the date of enactment of the Open FOIA Act of 2009, specifically cites to this
> paragraph.

16.     Section 1112 of the National Defense Authorization Act for Fiscal Year 1997, as

amended, 10 U.S.C. § 424, states in relevant part that "no provision of law shall be construed to

require the disclosure of (1) the organization or any function of [the Defense Intelligence

Agency, the National Reconnaissance Office, or the National Geospatial-Intelligence Agency.]"

17.     Section 102A(i)(1) of the National Security Act of 1947, as amended, 50 U.S.C. §

3024(i)(1), states that "[t]he Director of National Intelligence shall protect intelligence sources

and methods from unauthorized disclosure."

18.     The information redacted pursuant to Exemption 3 concerns intelligence sources

and methods, and concerns the function of one or more of the organizations of the Department of

Defense listed in 10 U.S.C. § 424 (the Defense Intelligence Agency, the National

Reconnaissance Office, and the National Geospatial-Intelligence Agency).

### III. VAUGHN INDEX

### Request F-2018-04383

19.      **Document C06627782** is a five-page cable dated July 30, 2007, from the U.S.

Embassy in Baghdad to the Department, with the subject line "CHARGE'S JULY 29 MEETING

WITH NSA RUBAIE."  The cable was originally and is currently classified SECRET.  The

Department released the cable in part.

20.      The Department withheld information in the cable under FOIA Exemption 1, 5

U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable

withheld under Exemption 1 constitute foreign government information, including detailed

descriptions of statements of Iraq's National Security Advisor to the U.S. Embassy's Chargé

D'Affaires.  The statements include the Iraqi National Security Advisor's speculation about

internal political developments with respect to particular political parties, his views on Iraq's

security situation and specific regional states' impact on it, his description of his foreign official

travel and his activities in connection with it, and his views on potential future relations with the

United States.  Release of this information reasonably could be expected to cause serious damage

to the national security by reducing the likelihood that senior foreign officials will be willing to

convey sensitive information to the U.S. Government.  All portions of the cable withheld under

Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities,

including statements by the U.S. Chargé D'Affaires about Iraqi internal political developments

with respect to particular political parties, as well as questions by the chargé about the National

Security Advisor's foreign engagements.  Release of this information reasonably could be

expected to cause serious damage to the national security by harming the U.S. relationship with senior foreign officials by disclosing assessments of their political circumstances and their relationships with their peers.

21.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

22.     **Document C06627783** is a six-page cable dated November 28, 2007, from the U.S. Embassy in Baghdad to the Department, with the subject line "MCNS NOVEMBER 25, 2007 ADDRESSES SPD, CLCS, AQI, RETURNEES, FOREIGN FIGHTERS, MOI FMS FUNDING DELAYS."  The cable was originally and is currently classified SECRET.  The Department released the cable in part.

23.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable withheld under Exemption 1 constitute foreign government information, including detailed descriptions of statements made and positions taken at a meeting of Iraq's Ministerial Council for National Security ("MCNS") by senior Iraqi officials including Iraq's Prime Minister, members of Iraq's cabinet, and senior Iraqi military officials.  The statements include the Iraqi officials' views about the impact of particular entities on Iraq's security situation, the relationships between Iraqi military elements and other armed actors, and reports of foreign fighters entering Iraq from particular locations.  Release of this information reasonably could be expected to cause serious damage to the national security by reducing the likelihood that senior foreign officials will be willing to allow U.S. Government officials access to sensitive information and governmental deliberations.  All portions of the cable withheld under Exemption

7

1 constitute information pertaining to U.S. foreign relations and foreign activities, including

detailed statements by the U.S. Commanding General of Multinational Forces – Iraq ("MNF-I")

about the Iraqi security situation, including statements about particular Iraqi military officials, as

well as steps that Iraq should take to improve its security.  Release of this information reasonably

could be expected to cause serious damage to the national security by harming the U.S.

relationship with senior foreign officials by disclosing candid assessments of their security

situation, including vulnerabilities and their shortcomings in addressing them.

24.     The Department conducted a line-by-line review of the document and determined

that there is no additional meaningful, non-exempt information that can be reasonably segregated

and released.

25.     **Document C06627785** is a three-page cable dated September 29, 2007, from the

U.S. Embassy in Baghdad to the Department, with the subject line "CG MEETING WITH

SADRIST COR MEMBER."  The cable was originally and is currently classified SECRET.  The

Department released the cable in part.

26.     The Department withheld information in the cable under FOIA Exemption 1, 5

U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable

withheld under Exemption 1 constitute foreign government information, including a detailed

description of an Iraqi Council of Representatives ("COR") member's statements.  The

statements include the member's assessment of internal developments within a particular Iraqi

political grouping, the member's description of actions of an Iraqi militia, and the member's

assessment of the impact of particular regional actors on Iraq's political and security situation.

Release of this information reasonably could be expected to cause serious damage to the national

security by reducing the likelihood that foreign officials will be willing to convey sensitive

information to the U.S. Government.  All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including statements by the U.S. Commanding General about the actions of a particular Iraqi political grouping, about the relationships between several Iraqi political factions, and about U.S. policy toward a particular state in the region.  Release of this information reasonably could be expected to cause serious damage to the national security by harming the U.S. relationship with senior foreign officials by disclosing candid assessments of their internal political circumstances, their relationships with external actors, and their security circumstances, and would harm the U.S. relationship with a specific individual who remains active in Iraqi politics.

27.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

28.     **Document C06627786** is a six-page cable dated January 8, 2007, from the U.S. Embassy in Baghdad to the Department, with the subject line "JANUARY 7 MCNS: IRANIAN DIPLOMATS, BSP, AND PIC AMONG TOPICS DISCUSSED."  The cable was originally and is currently classified SECRET.  The Department released the cable in part.

29.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable withheld under Exemption 1 constitute foreign government information, including detailed descriptions of statements during a meeting of Iraq's Ministerial Council for National Security ("MCNS") by senior Iraqi political and military officials, including members of Iraq's cabinet. The statements include discussions of military detention issues, the impact of particular regional actors on Iraq's security, and transition of security authority between certain Iraqi entities.  These

discussions include disagreements between the Iraqi officials about the appropriate course of action on certain issues.  Release of this information reasonably could be expected to cause serious damage to the national security by reducing the likelihood that senior foreign officials will be willing to allow U.S. Government officials access to sensitive information and governmental deliberations.  All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including statements by the U.S. Ambassador to Iraq and the Commanding General of U.S. Forces in Iraq about a detention issue, and about the relationship between Iraqi political factions and certain regional actors.  Release of this information reasonably could be expected to cause serious damage to the national security by disclosing strategies advocated by senior U.S. officials for dealing with a complex regional issue, and by harming the U.S. relationship with senior foreign officials, many of whom remain active in Iraqi politics, by disclosing their disagreements among themselves and their candid assessments of the political and security situations.

30.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

31.     **Document C06627787** is a seven-page cable dated May 15, 2007, from the U.S. Embassy in Baghdad to the Department, with the subject line "MALIKI RESHAPES THE NATIONAL SECURITY SYSTEM."  The cable was originally and is currently classified SECRET.  The Department released the cable in part.

32.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable withheld under Exemption 1 constitute foreign government information, including descriptions

of the Iraqi Prime Minister's views and positions, as well as the opinions of other senior Iraqi officials relating to him.  The statements include the Iraqi Prime Minister's views about security vulnerabilities, his views about particular entities within his government, and senior Iraqi officials' remarks about lines of authority for military operations.  Release of this information reasonably could be expected to cause serious damage to the national security by reducing the likelihood that senior foreign officials will be willing to convey sensitive information to the U.S. Government, including information about security vulnerabilities.  All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including detailed descriptions of the Iraqi Prime Minister's impact on Iraq's security system, including candid assessments of particular senior Iraqi officials' security mentalities and approaches, the degree of and vectors of political influence on Iraqi military activities, and extensive discussion of the alignment of particular Iraqi officials and their impact on Iraq's security.  Release of this information reasonably could be expected to cause serious damage to the national security by harming the U.S. relationship with senior foreign officials as a result of disclosing candid U.S. assessments of them, thereby undermining the U.S. ability to promote stability in Iraq.

33.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

34.     **Document C06627788** is a seven-page cable dated November 16, 2006, from the U.S. Embassy in Baghdad to the Department, with the subject line "AMBASSADOR KHALILZAD'S PROPOSED STRATEGY FOR IRAQ: SUSTAINABLE APPROACH."  The

cable was originally and is currently classified SECRET.  The Department released the cable in part.

35.    The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable withheld under Exemption 1 constitute foreign government information, including a description of a specific request to the United States from a named senior Iraqi official concerning the military and security relationship between the United States and Iraq.  The cable also describes other particular points made by that senior Iraqi official regarding Iraq's domestic political situation and the Iraqi official's perceived vulnerabilities.  Release of this information reasonably could be expected to cause serious damage to the national security by reducing the likelihood that senior foreign officials will be willing to convey sensitive information, including assessments of their vulnerabilities, to the U.S. Government.  All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including detailed analysis and recommendations by Ambassador Khalilzad about U.S. strategy towards Iraq, including his identification of points of leverage, incentives that may appeal to various Iraqi political actors, and conditional actions that the U.S. should be prepared to take in certain circumstances.  Release of this information reasonably could be expected to cause serious damage to the national security by revealing diplomatic strategies, including points of leverage and influence, the success of which depends on discretion and confidentiality.

36.    The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

37. **Document C06627789** is a four-page cable dated January 22, 2007, from the U.S. Embassy in Baghdad to the Department, with the subject line "TALABANI GIVES READOUT OF SYRIA VISIT, PASSES MESSAGE FROM SULEIMANI." The cable was originally and is currently classified SECRET. The Department released the cable in part.

38. The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d). Portions of the cable withheld under Exemption 1 constitute foreign government information, including detailed descriptions of information provided by Iraqi President Talabani, including his description of his engagements with senior officials of states in the region on a recent trip and particular messages passed by specific named foreign officials. Release of this information reasonably could be expected to cause serious damage to the national security by reducing the likelihood that senior foreign officials will be willing to convey sensitive information to the U.S. Government, including about their regional engagements, and by reducing the likelihood that senior foreign officials will be willing to pass messages to the U.S. government through such intermediaries. All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including views expressed by Iraqi President Talabani on Iraq's regional political and security situation, as well as additional information about the regional political and security situation conveyed by Iraqi President Talabani. Release of this information reasonably could be expected to cause serious damage to the national security by harming the U.S. relationship with senior foreign officials, and by revealing diplomatic strategy the efficacy of which depends on discretion.

39.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

40.     **Document C06627799** is a four-page cable dated February 27, 2009, from the U.S. Embassy in Baghdad to the Department, with the subject line "CDA, CG AND PM DISCUSS DRAWDOWN OF U.S. FORCES IN IRAQ, INTERCEPT OF AN IRANIAN UAV AND ARAB-KURD TENSIONS."  The cable was originally and is currently classified SECRET.  The Department released the cable in part.

41.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable withheld under Exemption 1 constitute foreign government information, including a detailed description of the reaction by Iraq's Prime Minister to information provided by the United States about the drawdown of U.S. forces in Iraq.  Release of this information reasonably could be expected to cause serious damage to the national security by reducing the likelihood that senior foreign officials will be willing to provide candid feedback and reactions to U.S. Government plans.  All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including detailed information about U.S. plans for the drawdown of U.S. forces, including plans for particular types of operations as well as timelines.  Release of this information reasonably could be expected to cause serious damage to the national security by revealing sensitive and candid discussions about the evolving U.S. political and security relationship with Iraq and the role of U.S. forces at various points in time.

14

42.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

43.     **Document C06627801** is a seven-page cable dated November 19, 2008, from the U.S. Embassy in Damascus to the Department, with the subject line "UK FOREIGN SECRETARY MILIBAND'S NOV. 17-18 TRIP TO DAMASCUS."  The cable was originally and is currently classified SECRET.  The Department released the cable in part.

44.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable withheld under Exemption 1 constitute foreign government information, including descriptions of Miliband's engagements with senior Syrian officials, including points that Miliband raised and arguments he made, as well as the Syrian officials' reactions.  Release of this information reasonably could be expected to cause serious damage to the national security by reducing the likelihood that senior foreign officials will be willing to convey sensitive information to the U.S. Government, including about their foreign engagements.  All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including U.S. assessments of the results of Miliband's visit.  Release of this information reasonably could be expected to cause serious damage to the national security by harming the U.S. relationship with another state by disclosing information about its diplomatic engagements, its diplomatic tactics and strategy, and frank U.S. assessments of its diplomacy.

45.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

46.     **Document C06627803** is a three-page cable dated January 23, 2008, from the U.S. Embassy in Baghdad to the Department, with the subject line "SAMI AL-ASKERI DESCRIBES JANUARY 19 ATTACK ON NSA RUBAIE."  The cable was originally and is currently classified SECRET.  The Department released the cable in part.

47.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable withheld under Exemption 1 constitute foreign government information, including a description of an advisor to Iraq's Prime Minister recounting his real-time response to an attack on another Iraqi official, Iraq's National Security Advisor.  Release of this information reasonably could be expected to cause serious damage to the national security by reducing the likelihood that senior foreign officials will be willing to convey sensitive information to the U.S. Government, including about their real-time responses to crises.  All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including U.S. assessments of the episode and its political and security significance.  Release of this information reasonably could be expected to cause serious damage to the national security by harming U.S. relationships with senior foreign officials by revealing candid U.S. assessments of such officials, their affiliations, and the implications of their comments.

48.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

49.     **Document C06627804** is a three-page cable dated March 25, 2008, from the U.S. Embassy in Baghdad to the Department, with the subject line "IRAQI NSA RUBAI ON

16

AHMEDI-NEJAD'S VISIT – CORRECTED COPY." The cable was originally and is currently classified SECRET. The Department released the cable in part.

50.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d). Portions of the cable withheld under Exemption 1 constitute foreign government information, including a description of the Iraqi National Security Advisor's recounting of a recent visit by Iran's President, including issues raised and not raised in particular engagements during that visit, as well as particular points Iraq's National Security Advisor made to his counterpart. Release of this information reasonably could be expected to cause serious damage to the national security by reducing the likelihood that senior foreign officials will be willing to convey sensitive information to the U.S. Government, including about their bilateral engagements with other states. All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including remarks by U.S. officials as well as U.S. assessments of the visit, including its likely results and steps that should be taken in connection with it. Release of this information reasonably could be expected to cause serious damage to the national security by revealing U.S. analysis of Iraq's regional situation that may exacerbate tension and jeopardize stability in the area, and by revealing U.S. diplomatic tactics that depend on discretion for their success.

51.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

52.     **Document C06627805** is a three-page cable dated January 17, 2007, from the U.S. Embassy in Baghdad to the Department, with the subject line "COR MEMBER QASEM

DAOUD DISCUSSES TEHRAN, POTUS SPEECH." The cable was originally and is currently classified SECRET. The Department released the cable in part.

53.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d). Portions of the cable withheld under Exemption 1 constitute foreign government information, including a description of an Iraqi Council of Representatives ("COR") member's views on Iran, on Iraq's political and security situation, and on U.S. strategy. Release of this information reasonably could be expected to cause serious damage to the national security by reducing the likelihood that senior foreign officials will be willing to convey detailed and candid sensitive information to the U.S. Government, including about their views of their regional and domestic situations and about U.S. policy. All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities. Release of this information reasonably could be expected to cause serious damage to the national security by harming the U.S. relationship with a senior foreign official who remains active in Iraqi politics.

54.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

55.     **Document C06627807** is a five-page cable dated July 11, 2005, from the U.S. Embassy in Baghdad to the Department, with the subject line "GARDEN CHATS WITH PAPA JA'FARI AND CREW." The cable was originally and is currently classified SECRET. The Department released the cable in part.

56.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d). Portions of the cable

withheld under Exemption 1 constitute foreign government information, including a description of the Iraqi Prime Minister's preferences regarding Iraq's domestic political system and views about a particular group, as well as another senior Iraqi official's candid assessment of certain other senior Iraqi political figures and parties.  Release of this information, some of which was expressly provided with the expectation that it would not be further reported, reasonably could be expected to cause serious damage to the national security by reducing the likelihood that senior foreign officials will be willing to convey sensitive information to the U.S. Government, including candid assessments of domestic political personalities and parties.  All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including a U.S. assessment of the discussions, their implications, and the Iraqi domestic situation generally.  Release of this information reasonably could be expected to cause serious damage to the national security by revealing candid U.S. assessments of certain senior foreign political figures and parties that could embarrass those figures and harm U.S. relationships with them and their associates.

57.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

58.     **Document C06627826** is a six-page cable dated September 21, 2008, from the U.S. Embassy in Baghdad to the Department, with the subject line "AMB, CG AND PM DISCUSS SOFA, SOI, AMBASSADOR'S TRIP TO ERBIL, GOI/KRG RELATIONS AND ELECTIONS LAW."  The cable was originally and is currently classified SECRET.  The Department released the cable in part.

59.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable withheld under Exemption 1 constitute foreign government information, including a detailed description of statements by Iraq's Prime Minister about a potential Status of Forces Agreement with the United States, domestic political and legal issues, and regional relations.  Release of this information reasonably could be expected to cause serious damage to the national security by reducing the likelihood that senior foreign officials will be willing to convey sensitive information to the U.S. Government, including about potential security arrangements as well as domestic and regional issues.  All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including a detailed account of remarks by the U.S. Ambassador and the U.S. Commanding General about the implications of Status of Forces arrangements with Iraq, including U.S. goals, options, and contingency planning, as well as detailed discussions and reflections by the U.S. officials about their travel and meetings with other officials in Iraq.  Release of this information reasonably could be expected to cause serious damage to the national security by revealing U.S. tactics and strategy for negotiation of a sensitive military arrangement, which would reduce the effectiveness of such tactics and strategy in the future, and by harming U.S. relations with senior foreign officials by revealing frank messages that the U.S. delivered to them.

60.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

61.     **Document C06627810** is a seven-page cable dated February 10, 2006, from the U.S. Embassy in Baghdad to the Department, with the subject line "SHIA ISLAMIST PM

20

CONTENDERS: NO PERFECT CANDIDATE." The cable was originally and is currently classified SECRET. The Department released the cable in part.

62.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d). Portions of the cable withheld under Exemption 1 constitute foreign government information, including descriptions of statements by certain senior Iraqi officials about other senior Iraqi officials who were potential candidates to become Iraq's Prime Minister. Release of this information reasonably could be expected to cause serious damage to the national security by reducing the likelihood that senior foreign officials will be willing to convey sensitive information to the U.S. Government, including about political candidates in their country. All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including extended and detailed U.S. analysis of the potential candidates, including reflections on their strengths and weaknesses domestically, regionally, and in terms of relations with the United States. Release of this information reasonably could be expected to cause serious damage to the national security by harming U.S. relations with senior foreign officials by revealing frank U.S. assessments of their weaknesses and vulnerabilities relative to other candidates.

63.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

64.     **Document C06627811** is a five-page cable dated January 2, 2006, from the U.S. Embassy in Baghdad to the Department, with the subject line "SHIA POLITICO: JA'AFARI HAS TO GO." The cable was originally and is currently classified CONFIDENTIAL. The Department released the cable in part.

21

65.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 section 1.4(d).  The portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including a detailed description of a conversation between the U.S. Ambassador and a prominent Iraqi political figure, including comments about other named Iraqi political figures and speculation about potential future political candidates and appointments.  Release of this information reasonably could be expected to cause damage to the national security by reducing the likelihood that prominent foreign political figures would speak candidly with U.S. embassy personnel about contemporary and potential future political developments in their country, as well as by undermining the U.S. ability to continue to interact with certain named Iraqi political figures, many of whom remain active in Iraqi politics.

66.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

67.     **Document C06627815** is a three-page cable dated January 9, 2006, from the U.S. Embassy in Baghdad to the Department, with the subject line "FM ZEBARI: SHIA FAR FROM DECISION ON PM CANDIDATE, NEW GOVERNMENT FORMATION ALSO DISTANT." The cable was originally and is currently classified CONFIDENTIAL.  The Department released the cable in part.

68.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable withheld under Exemption 1 constitute foreign government information, including a description of comments by Iraq's Foreign Minister about other prominent Iraqi officials and political

figures, including which figures would likely be acceptable to others for the position of Prime

Minister.  Release of this information reasonably could be expected to cause damage to the

national security by reducing the likelihood that senior foreign officials will be willing to convey

sensitive information to the U.S. Government, including about their domestic political situation

and their political peers' preferences and red lines.  All portions of the cable withheld under

Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities,

including a U.S. assessment of developments in the candidacy for Iraq's Prime Minister and

what steps the U.S. intends to take.  Release of this information reasonably could be expected to

cause damage to the national security by revealing candid U.S. assessments that may reflect

poorly on particular political figures, some of whom remain active in Iraqi politics, which would

inhibit the U.S. ability to deal with them.  In addition, release of this information reasonably also

could be expected to cause damage to the national security by revealing planned U.S. steps with

respect to the situation, the disclosure of which could assist those who seek to frustrate such U.S.

engagement.

      69.    The Department conducted a line-by-line review of the document and determined

that there is no additional meaningful, non-exempt information that can be reasonably segregated

and released.

      70.    **Document C06627816** is a four-page cable dated July 19, 2005, from the U.S.

Embassy in Baghdad to the Department, with the subject line "NAVIGATING THE RIFT

BETWEEN THE U.S. AND IRAN – RUBAIE ON THE UIA'S BALANCING ACT."  The

cable was originally and is currently classified SECRET.  The Department released the cable in

part.

71.     The Department withheld information in the cable under FOIA Exemption 1, 5

U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable

withheld under Exemption 1 constitute foreign government information, including descriptions

of statements by Iraq's National Security Advisor about domestic political developments as well

as regional military and security arrangements.  Release of this information reasonably could be

expected to cause serious damage to the national security by reducing the likelihood that senior

foreign officials will be willing to convey sensitive information to the U.S. Government,

including about their domestic politics or their regional military and security situation.  All

portions of the cable withheld under Exemption 1 constitute information pertaining to U.S.

foreign relations and foreign activities, including suggestions made by a U.S. official and

interpretive analysis of the Iraqi National Security Advisor's comments.  Release of this

information reasonably could be expected to cause serious damage to the national security by

harming U.S. relations with senior foreign officials by revealing frank messages that the U.S.

delivered to them and by revealing U.S. assessments of their comments, which in turn could

undermine the U.S. ability to effectively pursue stability in Iraq.

72.     The Department conducted a line-by-line review of the document and determined

that there is no additional meaningful, non-exempt information that can be reasonably segregated

and released.

73.     **Document C06627819** is a four-page cable dated April 5, 2005, from the U.S.

Embassy in Baghdad to the Department, with the subject line "INTERIOR MINISTER

WORRIES ABOUT FUTURE OF INTERIOR MINISTRY AS SHIA ISLAMISTS HOVER."

The cable was originally and is currently classified CONFIDENTIAL.  The Department released

the cable in part.

24

74.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable withheld under Exemption 1 constitute foreign government information, including descriptions of statements by Iraq's Interior Minister about Iraq's domestic politics, including specific political developments by particular organizations and their domestic and regional implications, as well as the minister's intended future actions.  Release of this information reasonably could be expected to cause damage to the national security by reducing the likelihood that senior foreign officials will be willing to convey sensitive information to the U.S. Government, including about their domestic politics, regional situation, or future planned actions.  All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including descriptions of the approach taken in the conversation by and statements made by U.S. embassy and military officials.  Release of this information reasonably could be expected to cause damage to the national security by harming U.S. relations with senior foreign officials by revealing messages that the U.S. delivered to them and diplomatic tactics that depend on discretion for their success.

75.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

76.     **Document C06627822** is a five-page cable dated June 16, 2005, from the U.S. Embassy in Baghdad to the Department, with the subject line "ISLAMIC HUMAN RIGHTS ORGANIZATION ALLEGES IRAQI FORCES DETAINEE ABUSE IN NINEWA."  The cable was originally and is currently classified CONFIDENTIAL.  The Department released the cable in part.

25

77.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable withheld under Exemption 1 constitute foreign government information, including descriptions of views expressed by members of Iraqi local government entities.  Release of this information reasonably could be expected to cause damage to the national security by reducing the likelihood that foreign local officials will be willing to convey sensitive information to the U.S. Government.  All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including an extensive description of comments made in the meeting by several members of an Iraqi human rights organization about alleged human rights abuses, as well as U.S. officials' comments in that meeting.  Release of this information reasonably could be expected to cause damage to the national security by making it less likely that human rights personnel would share sensitive allegations with U.S. interlocutors in the future, which would degrade the U.S. ability to understand the human rights situation in volatile circumstances where the success of U.S. military and diplomatic efforts depends on such understanding.

78.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

79.     **Document C06627825** is a six-page cable dated April 23, 2008, from the U.S. Embassy in Baghdad to the Department, with the subject line "IRAN MANAGING THE POST-BASRAH BACKLASH."  The cable was originally and is currently classified SECRET.  The Department released the cable in part.

80.     The Department withheld information in the cable under FOIA Exemption 1, 5

U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable

withheld under Exemption 1 constitute foreign government information, including statements to

U.S. interlocutors by several senior Iraqi officials about Iran's activities and intentions.  Release

of this information reasonably could be expected to cause serious damage to the national security

by reducing the likelihood that senior foreign officials will be willing to convey sensitive

information to the U.S. Government, including about nearby states' activities and intentions, and

by undermining the U.S. ability to continue working with certain Iraqi politicians who remain

active in Iraq's government.  All portions of the cable withheld under Exemption 1 constitute

information pertaining to U.S. foreign relations and foreign activities, including analysis of

Iran's capabilities, intentions, and potential future actions.  Release of this information

reasonably could be expected to cause serious damage to the national security by revealing

candid U.S. assessments of capabilities, intentions, and potential future actions, thereby allowing

adversaries to calibrate their activities in ways intended to deceive the United States and to

anticipate and outmaneuver U.S. diplomatic and military initiatives.

81.     The Department conducted a line-by-line review of the document and determined

that there is no additional meaningful, non-exempt information that can be reasonably segregated

and released.

82.     **Document C06644492** is a five-page cable dated February 13, 2007, from the

U.S. Embassy in Baghdad to the Department, describing a working dinner with senior Iraqi

officials with the subject line "IRAQ PARLIAMENT SPEAKER MASHHADANI'S

MELTDOWN."  The cable was originally and is currently classified SECRET.  The Department

released the cable in part.

27

83.     The Department withheld information in the cable under FOIA Exemption 1, 5

U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable

withheld under Exemption 1 constitute foreign government information, including vivid

statements about Iraqi domestic and regional issues by senior Iraqi officials, including Iraq's

Minister of Defense and Speaker of Iraq's Council of Representatives, at a working dinner

hosted by the U.S. Ambassador.  Release of this information reasonably could be expected to

cause serious damage to the national security by reducing the likelihood that senior foreign

officials will be willing to attend U.S.-hosted meetings and have frank discussions there,

including expressing disagreements among themselves. All portions of the cable withheld under

Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities,

including statements made in the meeting by the U.S. Ambassador and the U.S. Commanding

General of Multinational Forces – Iraq ("MNF-I") cautioning the Iraqi officials on particular

diplomatic and military matters and delivering candid messages.  Release of this information

reasonably could be expected to cause serious damage to the national security by harming U.S.

relations with senior foreign officials by revealing frank messages that the U.S. delivered to

them, by revealing their reactions to these U.S. messages, by revealing U.S. assessments of their

comments, and by revealing Iraqi officials' comments that could inflame political tensions in

Iraq and thereby inhibiting U.S. efforts to promote stability there.

84.     The Department conducted a line-by-line review of the document and determined

that there is no additional meaningful, non-exempt information that can be reasonably segregated

and released.

85.     **Document C06652425** is a four-page memorandum dated April 7, 2004, from the

acting Assistant Secretary for the Bureau of Intelligence and Research (INR) to the Secretary of

State with the subject line "Iraq, Falluja, and the Arab Sunni Heartland – A Lost Cause?"  The memorandum was originally and is currently classified SECRET.  The Department released the memorandum in part.

86.     The Department withheld information in the memorandum under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(c) and 1.4(d).  Portions of the memorandum withheld under Exemption 1 describe intelligence activities, including intelligence community processes as well as projections by a component of the intelligence community.  All portions of the memorandum withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including characterizations and discussions of potential consequences of U.S. military operations in a particular location, which identify a named Iraqi individual who discussed Iraq's security and politics with a senior U.S. official, and describe candid remarks by the Iraqi individual in that conversation.  Release of this information reasonably could be expected to cause serious damage to the national security by making it less likely that foreign individuals would speak candidly with senior U.S. officials, increasing Iraqi antipathy towards the United States, and inflaming the political and security situation in Iraq and thereby inhibiting U.S. efforts to promote stability there.

87.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

88.     **Document C06627802** is a four-page cable dated April 7, 2008, from the U.S. Embassy in Baghdad to the Department, with the subject line "MALIKI SCORES BIG AT APRIL 5 PCNS MEETING."  The cable was originally and is currently classified CONFIDENTIAL.  The Department released the cable in part.

29

89.     The Department withheld information in the cable under FOIA Exemption 1, 5

U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable

withheld under Exemption 1 constitute foreign government information, including a description

of a meeting of Iraq's Political Committee for National Security ("PCNS") of senior Iraqi

government officials and their internal deliberations and political posturing, as recounted to U.S.

Government officials.  Release of this information reasonably could be expected to cause

damage to the national security by reducing the likelihood that senior foreign officials will be

willing to convey sensitive information to the U.S. Government, including about deliberations

and disagreements among such senior officials.  All portions of the cable withheld under

Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities,

including U.S. assessments of the meeting and its political and security significance, as well as of

the various Iraqi officials and other politicians and factions involved.  Release of this information

reasonably could be expected to cause damage to the national security by harming relationships

with senior foreign officials by revealing candid U.S. assessments of them, their political

factions, and their political vulnerabilities.

90.     The Department conducted a line-by-line review of the document and determined

that there is no additional meaningful, non-exempt information that can be reasonably segregated

and released.

### Request F-2018-00164

91.     **Document C06627781** is an eight-page cable dated July 20, 2005, from the U.S.

Embassy in Baghdad to the Department, with the subject line "BUILDING A HOUSE ON

SHIFTING SANDS—IRAN'S INFLUENCE IN IRAQ'S CENTER-SOUTH."  The cable was

originally and is currently classified SECRET.  The Department released the cable in part.

92.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b), 1.4(c), and 1.4(d).  Portions of the cable withheld under Exemption 1 describe actions by Iraqi officials and governmental entities.  Portions of the cable withheld under Exemption 1 also refer to intelligence activities and sources.  Release of this information reasonably could be expected to cause serious damage to the national security by revealing that intelligence reporting exists pertaining to particular matters and by identifying individuals about whom intelligence reporting exists.  All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including extensive and detailed U.S. analysis of Iranian influence in several named Iraqi entities and institutions, including methods for achieving and maintaining such influence as well as consequences of such influence.  Release of this information reasonably could be expected to cause serious damage to the national security by revealing U.S. analysis of methods for achieving and maintaining such influence, which could provide malign actors with insight on how to more effectively extend their influence and undermine U.S. foreign policy.

93.     The Department also withheld information in the cable under FOIA Exemption 3, 5 U.S.C. § 552(b)(3), pursuant to Section 1112 of the National Defense Authorization Act for Fiscal Year 1997, as amended, 10 U.S.C. § 424, and Section 102A(i)(1) of the National Security Act of 1947, as amended, 50 U.S.C. § 3024(i)(1).  The information redacted on Exemption 3 concerns intelligence sources and methods, and concerns the function of one or more of the organizations of the Department of Defense listed in 10 U.S.C. § 424 (the Defense Intelligence Agency, the National Reconnaissance Office, and the National Geospatial-Intelligence Agency).

94.     The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

95.     **Document C06627795** is a five-page cable dated June 14, 2008, from the U.S. Embassy in Baghdad to the Department, with the subject line "PM MALIKI RECOUNTS HIS JUNE 7-9 VISIT TO TEHRAN."  The cable was originally and is currently classified SECRET. The Department released the cable in part.

96.     The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable withheld under Exemption 1 constitute foreign government information, including a description of Iraqi Prime Minister Maliki's discussions with senior Iranian officials, as communicated to U.S. Ambassador Satterfield by Maliki, as well as other senior Iraqi officials' candid assessments of how the meetings went.  Release of this information reasonably could be expected to cause serious damage to the national security by reducing the likelihood that senior foreign officials will be willing to convey sensitive information to the U.S. Government, including about what other senior leaders communicate to foreign governments, as well as their candid comments on such engagements.  All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including these communications between the Iraqi Prime Minister and the U.S. Ambassador.  Release of this information reasonably could be expected to cause serious damage to the national security by undermining the U.S. ability to work with Iraqi politicians who remain active.

97.    The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

98.    **Document C06627796** is a three-page cable dated August 20, 2004, from the U.S. Embassy in Baghdad to the Department, with the subject line "SECURITY IN SADR CITY AND BAGHDAD: PROGRESS IS SLOW."  The cable was originally and is currently classified SECRET.  The Department released the cable in part.

99.    The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(a), 1.4(b), and 1.4(d).  Portions of the cable withheld under Exemption 1 reflect military plans and operations relating to security conditions in Baghdad, including a description of the relationship between U.S. military units and Iraqi police and accounts of specific incidents involving named Iraqi police officials. Release of this information reasonably could be expected to cause serious damage to national security by revealing operational vulnerabilities and weaknesses between U.S. forces and local allies.  Portions of the cable withheld under Exemption 1 constitute foreign government information, including information about certain Iraqi officials' beliefs concerning the effectiveness of the local police.  Release of this information reasonably could be expected to cause serious damage to national security by reducing the willingness of foreign government officials to provide the U.S. with sensitive information, including candid assessments of their internal security forces.  All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including a frank conclusion regarding the likelihood of success for U.S. forces in reestablishing security in Sadr City, as well as reasons for that conclusion.  Release of this information reasonably could be

33

expected to cause serious damage to national security by revealing diplomatic tactics and strategies for helping other states improve their internal security that the U.S. may seek to use in other situations in the future.

100.    The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

101.    **Document C06627797** is a three-page cable dated April 5, 2008, from the U.S. Embassy in Baghdad to the Department, with the subject line "FOREIGN MINISTER: IRAN WILL ESCALATE CONFRONTATION WITH US IN IRAQ." The cable was originally and is currently classified SECRET. The Department released the cable in part.

102.    The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d). Portions of the cable withheld under Exemption 1 constitute foreign government information, including a description of information conveyed by Iraqi Foreign Minister Zebari to U.S. Ambassador Crocker, U.S. Commanding General Petraeus, and other senior U.S. officials, including a description of foreign attempts to influence Iraq as well as an assessment of the effects of U.S. military activities in Iraq. Release of this information reasonably could be expected to cause serious damage to the national security by reducing the likelihood that senior foreign officials will be willing to convey sensitive information to the U.S. Government, including information about foreign attempts to influence their country. All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities, including comments by the U.S. Ambassador and U.S. Commanding General about specific threats to the stability of Iraq, including foreign attempts to influence Iraq and factors upon which the success of such attempts

34

depends.  Release of this information reasonably could be expected to cause serious damage to national security by revealing factors that the U.S. considered important to establishing security and resisting foreign influence attempts, which could provide a roadmap to malign actors for how to destabilize a fragile security situation and frustrate U.S. and local efforts to establish security.  Release of this information also reasonably could be expected to cause serious damage to national security by jeopardizing the U.S. ability to work with Iraqi politicians who remain active.

103.    The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

104.    **Document C06627798** is a five-page cable dated May 14, 2008, from the U.S. Embassy in Baghdad to the Department, with the subject line "ANALYSIS OF MAY 12 16-POINT SADR CITY CEASEFIRE AGREEMENT."  The cable was originally and is currently classified SECRET.  The Department released the cable in part.

105.    The Department withheld information in the cable under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(b) and 1.4(d).  Portions of the cable withheld under Exemption 1 constitute foreign government information, including information provided to the U.S. by Iraqi officials involved in ceasefire negotiations, including positions accepted and abandoned by the parties.  Release of this information reasonably could be expected to cause serious damage to national security by reducing the likelihood that foreign officials will convey sensitive information to the U.S. Government, including information about their internal deliberations and negotiating positions.  All portions of the cable withheld under Exemption 1 constitute information pertaining to U.S. foreign relations and foreign activities,

35

including U.S. assessments of the benefits and shortcomings of a ceasefire agreement, as well as the Iraqi political dynamics leading to those outcomes and the regional consequences of them. Release of this information reasonably could be expected to cause serious damage to national security by revealing the factors the U.S. took into account in assessing a ceasefire agreement in a sensitive situation, which malign actors could use to frustrate U.S. and local efforts to obtain ceasefires in similar situations, and by revealing information that would undermine the U.S. ability to interact with negotiators of the ceasefire agreement who remain active in Iraqi politics.

106.    The Department conducted a line-by-line review of the document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

## IV. CONCLUSION

107.    In the course of reviewing the documents that were reviewed for reclassification under Section 1.7 of E.O. 13526, no information was reclassified that was not classified when the document was created, and no information was upgraded in its level of classification, and a substantial amount of information that was previously classified was released in response to these requests.

108.    In summary, all of the information withheld from release in the documents addressed herein was appropriately withheld under one or more of the FOIA's exemptions, and State has conducted a line-by-line review of all documents addressed herein for non-exempt information and has released meaningful, nonexempt information when reasonably segregable.

*** 

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this ___9th___ day of November 2018, Washington, D.C.

Eric F. Stein

37